**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HENRY THOMPSON,** | : | CIVIL NO. 1:CV-12-519 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **CUMBERLAND COUNTY PRISON,** | : | |
| **et al.,** | : | |
| **Defendants** | | |

**MEMORANDUM**

Henry Thompson ("Thompson"), who at the time he commenced this action appeared to be incarcerated at the Adams County Adult Complex in Gettysburg, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Listed as Defendants in the caption of the complaint are "Cumberland County Prison (staff)" and "Prime Care (staff)." (Doc. No. 1, Compl.) Although not listed as a Defendant in the caption of the complaint, Thompson does list Lieutenant Wilson, a Cumberland County Prison employee, as a defendant under the "Defendants" section of the complaint. (Id. at 2.) The claims set forth in the complaint concern incidents occurring at the Cumberland County Prison, Thompson's former place of confinement. Thompson requests leave to proceed in forma pauperis in this matter.[2] Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present

---

[1] On April 5, 2012, the Court received a letter from Thompson wherein he states that he is currently in transit, and that his temporary address is the Federal Detention Center in Philadelphia. (Doc. No. 7.)

[2] Thompson completed this Court's form application for leave to proceed in forma pauperis (Doc. No. 2) and authorization form (Doc. No. 3). An Administrative Order was thereafter issued on March 22, 2012 (Doc. No. 6), directing the warden at his current place of confinement to commence deducting the full filing fee from Thompson's prison trust fund account.

form.[3]  Consequently, Thompson will be afforded the opportunity to file an amended pleading in this action.

## I.  Allegations of the Complaint

The "Statement of Claim" portion of the complaint form filed by Thompson reads as follows, in its entirety:

> Prime Care Medical Staff has not properly treated my injuries that was to be examined by doctors and taken to the Carlisle Hospital for sutures, which has left terri (sic) life scars 10"/prison (Cumberland County) 4-3-2011 10 p.m.
>
> Cumberland County Prison Staff - did not investigate the issue properly nor attempt to follow up.  They also kept this issue from my family, and went around the necessary medical treatment/ C.C.P. 4-3-2011 10 p.m.
>
> Was attack (sic) in the prison by an inmate the jail was not properly secured or have adequate surveillance.  Or the jail was not concerned about my physical well being.

(Doc. No. 1 at 2.)  In reviewing the above, it is at least clear that Thompson seeks to raise an inadequate medical care claim and a failure to protect claim against unidentified staff members at the Cumberland County Prison and employees of Prime Care, a medical contractor.  Also attached to the complaint are several sheets of paper which appear to fill in a few details with

---

[3] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

respect to Thompson's claims. The first sheet is entitled "Incident Report" and appears to be a copy of the text of an April 3, 2011 incident report typed by Thompson. (Id. at 4.) Also attached are two typewritten letters, one to an unknown recipient and the other to the NAACP, prepared by Thompson discussing his claims. (Id. at 5-6). While these attachments add some information with respect to the claims Thompson seeks to raise, they fail to name the specific individuals who have allegedly violated Thompson's constitutional rights and associate any particular defendant with any alleged unlawful act. As relief, Thompson requests monetary damages.

**II.     Standard**

Plaintiff seeks leave to proceed in forma pauperis in this matter pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995 obligates the Court to engage in a screening process when a prisoner wishes to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2) provides:

> (2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Under §1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)(rejecting the "no set of facts" language from <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement," but is asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id</u>. As such, a plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (quotations omitted).

Pro se pleadings are to be construed liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   Discussion**

To state a viable § 1983 claim, a plaintiff must plead two (2) essential elements: (1) the

conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). In Iqbal, supra, the Supreme Court observed that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. The Court further emphasized that "[i]n a § 1983 suit or a Bivens action - where masters do not answer for the torts or their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 1949.

As such, to establish liability for the deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a defendant. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Such involvement may be established through : (1) personal direction or actual participation by the defendant in the misconduct; or (2) knowledge of and acquiescence in the misconduct. Id.

In the instant case Thompson names the "Cumberland County Prison (Staff)" and "Prime Care (Staff)." It is well established that a prison or a correctional facility is not a "person" that is subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n. 3 (3d Cir. 2006). As such, to the extent that Thompson names the Cumberland County Prison as a defendant, CCP is subject to dismissal from this action. It is clear that Thompson seeks to set forth inadequate medical care claims and a failure to protect claim. While Thompson does generically refer to the "staff" of CCP, he fails

to name any specific defendants in the caption of his complaint. Although he refers to "Lieutenant Wilson" later in his filing as a defendant, he fails to associate this defendant with any alleged deprivations of his constitutional rights. Likewise, while Thompson lists "Prime Care (staff)" as a defendant in this matter, he also fails to identify any particular employees of Prime Care and associate them with the violation of any of his constitutional rights.

As such, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Nevertheless, it appears possible that the deficiencies in the complaint may be remedied by amendment. Accordingly, Thompson will be granted twenty-one (21) days to file an amended complaint.

If Thompson decides to file an amended complaint, he is advised that any amended complaint he files should contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Thompson is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1. Consequently, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

In addition, Thompson is directed to provide factual allegations in support of his claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and he should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual Defendant did that led to

a deprivation of his rights. Iqbal, supra, 129 S. Ct. at 1948-49. He also shall specify the relief he seeks with regard to each claim. Thompson's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HENRY THOMPSON,** | : | **CIVIL NO. 1:CV-12-519** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **CUMBERLAND COUNTY PRISON,** | : | |
| **et al.,** | : | |
| **Defendants** | | |

## ORDER

**AND NOW, THIS 9th DAY OF APRIL, 2012,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is construed as a request to proceed without full prepayment of fees and costs and is **granted**.

2. Plaintiff's complaint (Doc. No. 1) is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

3. Within twenty-one (21) days from the date of this order, Plaintiff may file an amended complaint in this action in accordance with the foregoing Memorandum.

4. The Clerk of Court shall forward to Plaintiff two (2) copies of this Court's prisoner civil rights complaint form for his use in preparing any amended complaint he may file.

5. Failure to file an amended complaint as directed within the required time will result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


                                           S/ Yvette Kane
                                           YVETTE KANE, Chief Judge
                                           Middle District of Pennsylvania