IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HENRY THOMPSON, | : | CIVIL NO. 1:CV-12-0519 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CORPORAL RONALD E. WILSON, | : | |
| et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Henry Thompson, at the time an inmate at the Cumberland County Prison ("CCP"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 against CCP employees Corporal Ronald E. Wilson and Nurse Tori Robertson. The matter proceeds on an amended complaint filed on April 23, 2012. (Doc. No. 11.) In the amended complaint Plaintiff alleges that on April 3, 2011, Defendants denied him appropriate medical treatment from a physician outside the prison for an injury he received that evening. For the reasons that follow, the amended complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## I. Procedural Background

On May 7, 2012, the Court directed service of the amended complaint on Defendants. (Doc. No. 12.) On July 11, 2012, Defendant Wilson filed a motion to dismiss and a brief in support of the motion. (Doc. Nos. 15, 16.) Because Plaintiff failed to file any opposition to the motion, the Court issued an order on September 27, 2012, directing him to do so, and warned him that the failure to comply would result in the granting of the motion or the dismissal of his case for failure to prosecute. Link v. Wabash RR. Co., 370 U.S. 626, 630-31 (1962)(interpreting Federal Rule of Civil Procedure 41(b) as permitting sua sponte dismissal by the court); Poulis v.

State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  (Doc. No. 18.)  This order was mailed to Plaintiff at MCC-New York, a facility where he was transferred from CCP.  On September 28, 2012, Defendant Robertson filed a motion to dismiss the complaint and a supporting brief.  (Doc. Nos. 19, 20.)

On October 24, 2012, the Court's order of September 27, 2012 that had been mailed to Plaintiff at the MCC-New York facility, was returned to the Court marked "Undeliverable."  (Doc. No. 21.)  Specifically, the envelope provided as follows: "RTS-No longer at this facility."  Thereafter, Defendant Wilson filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 37 and 41(b) for failure to obey a court order and failure to prosecute.  A brief in support of the motion was also filed.

On December 18, 2012, the Court issued another warning order to Plaintiff directing him to file his opposition briefs to the outstanding motions to dismiss filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 25.)  In this order, the Clerk of Court was also directed to change Plaintiff's address on the docket from MCC-New York to the following street address: 300 Harvest Lane, Shippensburg, Pennsylvania, 17257, and Defendant Wilson's outstanding motion to dismiss on the basis of failure to comply with a court order and for failure to prosecute was dismissed without prejudice.  In an effort to provide Plaintiff one last opportunity to oppose the motions to dismiss, the Court directed the address change on the docket based upon an alternative address he provided at the time he advised the Court of his transfer to MCC-New York.  In said correspondence, Plaintiff had also referenced his home address as the Harvest Lane address.  As such, even though Plaintiff failed to advise the Court of his transfer or release from MCC-New York, he had previously mentioned a home address.  The

2

Court thus made another attempt to send him the order directing that he file his opposition briefs or risk the motions being granted or the case being dismissed for failure to prosecute.

Despite the remailing of the Court's order to Plaintiff at the Harvest Lane address on December 18, 2012, he has still failed to file his opposition to the motions to dismiss or contact the Court in any way. Although the order mailed to the Harvest Lane address was not returned to the Court, there is still no way of determining whether Plaintiff actually resides there or ever received the mailing.

On February 6, 2013, Defendant Wilson filed a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 37 and 41(b). (Doc. No. 27.) On February 20, 2013, Defendant Robertson filed a motion to dismiss the case for lack of prosecution pursuant to Rule 41(b). (Doc. No. 28.) A brief in support of the motion has also been filed. (Doc. No. 29.) Both of these motions were served upon Plaintiff at the Harvest Lane address. To date, Plaintiff has failed to oppose Defendants' original motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Nos. 15, 19), or respond in any way to the motions to dismiss pursuant to Fed. R. Civ. P. 41(b) (Doc. Nos. 27, 28).

## II. Discussion

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits sua sponte dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988)(same). In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six

3

factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-78 (3d Cir. 1994)(applying Poulis factors to dismissal under Rule 41(b)). The court must consider all six factors. Ware, 322 F.3d at 221-22; United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 162 (3d Cir. 2003).

**A.     Analysis of the Poulis Factors**

1. The extent of the party's personal responsibility

A pro se plaintiff is responsible for his failure to comply with a court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). When Plaintiff first filed this action, a Standing Practice Order was issued advising him of his briefing and litigation responsibilities. (Doc. No. 5.) Included among these responsibilities is the obligation to notify the Court of any change of address. He was further advised that if the Court is unable to communicate with him due to the failure to provide a current address, he will be deemed to have abandoned his lawsuit. (Id. at 4.) In April of 2012, Plaintiff informed the Court that he was transferred from the Cumberland County Prison to the MCC-New York, and that he would be there until his return to Pennsylvania (Doc. No. 9). He also provided a home address on Harvest Lane in Williamsport, Pennsylvania. This is the last contact the Court has ever received from Plaintiff. He never

4

notified the Court when he was released from the MCC-New York facility. When the Court sent mail to Plaintiff there and it was returned, the only other address option the Court had was to forward any mailings to the Harvest Lane address. Despite this effort on the Court's part, even without any contact from Plaintiff as to his current whereabouts, he has still failed to respond to any of the Court's orders. Based upon these facts, the Court can only conclude that Plaintiff is personally responsible for failing to comply with the Standing Practice Order by keeping the Court informed of his current whereabouts.

2. The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d at 873-74 (internal quotations and citations omitted.) Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874. In the matter sub judice, Plaintiff's failure to provide/verify his current address can clearly be said to result in some prejudice to Defendants. Defendants have attempted to serve their motions to dismiss upon Plaintiff over the span of the past six (6) months. In light of the procedural status of this case, Defendants are prejudiced in that he has no means of moving this case toward resolution based upon Plaintiff's failure to cooperate.

3. A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.

5

2003)(finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by plaintiff's multiple requests for stays and failure to comply with multiple deadlines). In reviewing the docket in this action, the Court cannot say that Plaintiff demonstrates "a history" of dilatory conduct other than with respect to failing to notify the Court of his whereabouts following his release from the MCC-New York facility and failing to respond to the Court's orders regarding the filing of opposition to the motions to dismiss. See Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir. 2008).

4. Was the conduct willful or in bad faith?

Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Id.; see also Emerson, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). In light of the fact that it appears that Plaintiff has been released from prison, and since that time has failed to provide the Court and Defendants with his current whereabouts or contact the Court in over six (6) months, it can only be concluded that he demonstrates a willful disregard for procedural rules and court directives.

5. Effectiveness of sanctions other than dismissal

Ordinarily, the court must consider the availability of sanctions alternative to dismissal. Poulis, 747, F.2d at 869. However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions

6

exist because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. Under the instant circumstances where the Court is faced with the complete lack of cooperation on the part of the individual who brought the action, the only appropriate sanction is dismissal. Otherwise the case would linger indefinitely on the Court's docket.

6. Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

In this case, Defendant Wilson seeks dismissal of the complaint on several grounds, one of which is the failure of Plaintiff to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions under section 1983 or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)(quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95

7

(S.D.N.Y. 1998). Proper exhaustion is also required prior to commencing any suit in federal court. Woodford v. Ngo, 548 U.S. 81, 92 , 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004). In the instant case, Plaintiff concedes that there was a grievance procedure available to him and that he failed to exhaust his administrative remedies. As such, it is clear that his failure to exhaust operates as a bar to his lawsuit.

Defendant Robertson seeks the dismissal of the claims against her based upon the failure of Plaintiff to state a viable Eighth Amendment medical claim. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192,197 (3d Cir.1999)(citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The "deliberate indifference" standard is a stringent standard of fault requiring proof

8

that a defendant disregarded a known or obvious consequence of his action. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 841. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 9 (3d Cir. 1990).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill, 372 F.3d at 235. An inmate's disagreement with medical treatment also does not rise to the level of "deliberate indifference." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

In accepting as true the factual allegations set forth by Plaintiff, it appears that he would have preferred to receive different treatment than what he was provided by the prison medical department for his injuries, and believes that more appropriate treatment could have been provided by a physician outside of the prison. (Doc. No. 11, Am. Compl. at 2-3.) He alleges that he was denied access to a physician capable of evaluating the need for treatment.

Based upon the foregoing, Defendant Robertson moves to dismiss the allegations against her in that Plaintiff does not dispute that he received care from the prison medical department for

9

the injuries he sustained. Rather, he disagrees with the care he received and preferred to receive treatment from an outside physician. Accepting the truth of Plaintiff's allegations, it is clear that he fails to state a viable Eighth Amendment claim. He simply takes issue with the type of treatment received, and does not contend that he did not receive treatment. Dissatisfaction with the treatment received does not state an Eighth Amendment deliberate indifference claim. Further, even if he received a negligent misdiagnosis or improper care, he alleges nothing more than a claim for negligence which does not state a § 1983 claim. As such, it appears that Plaintiff also would not be successful with respect to the claims set forth in the amended complaint against Defendant Robertson.

   B.     **Balancing of Poulis Factors**

In balancing the Poulis factors, the Third Circuit has explained that "no single Poulis factor is dispositive," and "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware, 322 F.3d at 222; Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). There is no "magic formula" to determine how the Poulis factors should be balanced, and the determination is within the district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). In this case, most of the Poulis factors support dismissal. Plaintiff's failure to keep the Court informed of his current whereabouts, to respond to Defendants' motions, and to comply with Court orders warrants dismissal pursuant to Federal rule of Civil Procedure 41(b). An appropriate order follows.

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY THOMPSON,** | : | CIVIL NO. 3:CV-12-0519 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **CORPORAL RONALD E. WILSON, et al.,** | : | |
| Defendants | : | |
| | : | |

# ORDER

**AND NOW, THIS 1st DAY OF MARCH, 2013**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 41(b) (Doc. Nos. 27, 28) are **granted** and this action is dismissed with prejudice.

2. The motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Wilson and Robertson (Doc. Nos. 15, 19) are **dismissed as moot**.

3. The Clerk of Court is directed to **close this case**.

4. Any appeal from this order is deemed frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

                                                S/ Yvette Kane
                                                YVETTE KANE, Chief Judge
                                                Middle District of Pennsylvania